IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WINSTON HAMILTON,<br>    *Plaintiff*, | §<br>§<br>§ | CIVIL ACTION NO.:<br>4:21-cv-2964 |
| v. | §<br>§ | |
| McDERMOTT INTERNATIONAL, INC.,<br>    *Defendant.* | §<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Winston Hamilton (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant McDermott International (hereinafter referred to as "Defendant"), and for causes of action files this Plaintiff's Original Complaint, showing to the Court the following:

### I. PARTIES

1. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant is a corporation organized and existing under the laws of the State of and having offices and its principal place of business at 915 North Eldridge Parkway, Houston, Texas 77079. Defendant can be served by and through its registered agent, B.H. McDermott, at 11424 Denton Drive, Dallas, Texas 75229.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII").

4. Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

## III. NATURE OF THE ACTION

5. This is an action brought pursuant to Title VII to correct and recover for Defendant's unlawful racial discrimination, sex/gender discrimination, disability discrimination, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On April 22, 2021, Plaintiff filed a Charge of Discrimination (Charge No. 460-2021-01753) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for racial discrimination, sex/gender discrimination, disability discrimination, and retaliation.

7. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on April 23, 2021. Plaintiff then entered into a Tolling Agreement with Defendant on July 12, 2021. Therefore, this lawsuit is timely filed.

## V. FACTS

8. Plaintiff was hired by Defendant on October 29, 2018 as the Senior Manager of Contracts. Plaintiff is still currently employed with Defendant.

9. Plaintiff has received strong performance reviews, despite purposeful delays in setting review performance criteria and conducting annual performance reviews, which was outside of company policy. Additionally, Plaintiff has no disciplinary history whatsoever.

10. Prior to working for Defendant, Plaintiff's previous employer, Duke Energy, retaliated against him for making complaints of racial discrimination. Duke Energy's retaliation included spreading false rumors about Plaintiff in an attempt to silence his complaints, damage his reputation, and sabotage his career. These rumors included a lie that Plaintiff has a sexually transmitted disease (hereinafter "STD").

11. This rumor carried over to Defendant's place of business via at least three (3) individuals, identified by others, who Plaintiff complained about at Duke Energy, who work on a joint project with Defendant.

12. Plaintiff has reported these rumors to Defendant's Human Resources department. Plaintiff has been told that the results of any internal investigation will not be shared with him.

13. In February 2020, Defendant removed Plaintiff from supporting its Golden Pass LNG project, which his supervisor at the time, Thad Waters (hereinafter "Mr. Waters"), had originally recommended him to lead as the commercial contracts role. In 2020, Defendant failed to promote Plaintiff to a Senior Director position for which he would have been the most qualified if he were permitted to apply. Mr. Waters had previously recommended Plaintiff for a Senior Director position of Global Contracts just several months prior.

14. In January 2021, Defendant demoted Plaintiff to a non-functional manager role; eliminating his promotion potential and setting him up to be laid off.

15. Haytham Afifi communicated to Plaintiff that there would be three to four months of work in the new position and recommended Plaintiff look for other opportunities.

16. Although Defendant has alleged they transferred Plaintiff to avoid laying him off, the individual who took over the projects Plaintiff was working on prior to the demotion, Sarah Lee, remains employed as of today's date. The real reason Defendant demoted Plaintiff was because of his perceived disability and in retaliation for his past complaints of racial discrimination.

17. Sometime near or around January 11, 2021, Alan Marriott, Vice President of Off-Shore Operations, made a suggestion that "I shouldn't get sick" following a brief discussion about Plaintiff's demotion. The initial conversation was positive but the comment about not getting sick at the end of the conversation struck the Plaintiff as odd and out of context. At the time, Plaintiff took the comment in regards to the ongoing COVID-19 pandemic. However, it would prove to have more context and meaning after a conversation with Daniel Phillips on January 19, 2021.

18. In the span of a week, starting on January 11, 2021, both Lara Damian and Keira Markle were visibly uncomfortable speaking to Plaintiff. Performing actions such as grabbing their blouses to cover themselves, and looking down and away when speaking. Lara was a HR Manager who was always helpful and open. Keira would become Plaintiff's new manager following the transfer.

19. On January 19, 2021, on a work-related phone call, Daniel Phillips asked if Plaintiff had been tested for STDs.

20. On February 1, 2021, Plaintiff made an inquiry with the EEOC after it was clear Plaintiff would not be receiving a timely Performance Appraisal.

21. On March 11, 2021, Plaintiff received his Performance Evaluation. While the feedback was mostly positive, there were key words used in the evaluation that implied Plaintiff could have done a better job. Plaintiff disagreed with those sentiments as described.

22. On March 11, 2021, Haytham Afifi questioned Plaintiff stating "You're okay? You're not

sick, right?" prior to the beginning of his annual performance evaluation. After the previous STD comments made to Plaintiff, this questioning was strange and out of place.

23. On April 6, 2021, Plaintiff made a formal complaint using the ethics reporting line regarding a coworker asking him if he had been tested for STDs. Defendant failed to conduct any proper investigation.

24. As a result of the perception that Plaintiff has an STD, and in retaliation for his prior complaints of racial discrimination at Duke Energy, Defendant has discriminated and retaliated against Plaintiff.

25. When Plaintiff began his employment with Defendant, it was expressed to him that his career path would have the opportunity for promotion. Instead, Plaintiff has been reassigned with no clear path to being promoted. He was told by TH Waters in the summer of 2020 that achieving Director would be possible by the end of his third year with the company. In his new role, his functional manager Keira Markle explained to him that it would take multiple full project cycles prior to him being considered for a Director position in Subcontracts. In almost all cases this would result in a period of greater than two years. While Plaintiff maintains his title and pay, his level of responsibility has been drastically reduced by Defendant. Plaintiff no longer has direct reports in the company's organizational chart.

## VI. CLAIMS

### CLAIM 1 - TITLE VII RACE DISCRIMINATION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of race.

28. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect status because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

### CLAIM 2 - TITLE VII SEX/GENDER DISCRIMINATION

29. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

30. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of sex/gender.

31. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect status because of Plaintiff's sex/gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

### CLAIM 3 - DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE PURSUANT TO THE ADA

32. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

33. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

34. Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

35. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

36. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

37. Defendant discriminated against Plaintiff by being "regarded as" having a disability.

## CLAIM 4 - RETALIATION PURSUANT TO TITLE VII

38. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

39. Defendant intentionally retaliated against Plaintiff because of the complaints of racial discrimination, sex/gender discrimination, disability discrimination, and retaliation made to Defendant in violation of Title VII.

## VII. JURY DEMAND

40. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## VIII. PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this ;
   b. Compensatory damages, including, but not limited to, emotional distress;
   c. Past, present, and future physical pain and mental suffering;
   d. Punitive damages;
   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);
   f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of Court; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,

kennard law P.C.

_____
Alfonso Kennard, Jr.
Kennard Law, PC
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
Alfonso.Kennard@KennardLaw.com

**ATTORNEY FOR PLAINTIFF**